IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


NELLIE J. RAINS                                                                          PLAINTIFF


        v.                                            CIVIL NO. 05-3045


JO ANNE B. BARNHART, Commissioner
Social Security Administration                                           DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Nellie J. Rains appealed the Commissioner's denial of benefits to this court. On

June 29, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant

to sentence four of 42 U.S.C. § 405(g). (Doc. # 9). Plaintiff now moves for an award of

$1,837.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act

(hereinafter "EAJA"), requesting compensation for 14.20 hours of work before the court at an

hourly rate of $125.00 and $13.95 in expenses. (Doc. # 10-13). The defendant has filed a

response, expressing no objections to this award. (Doc. # 14).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified. The burden is on the Commissioner to show substantial justification for

the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After

reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v.

Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The Commissioner filed a response expressing no objection to the award of a reasonable attorney's fee under the EAJA, the hourly rate requested by plaintiff's counsel for attorney's fees or the number of hours expended by plaintiff's counsel. (Doc.# 14). The court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required

2

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits

resulting to the client from the services; the customary fee for similar services; the contingency

or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,*

588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,*

487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's

services and fee request, particularly when the court has had the opportunity to observe firsthand

counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary*

*of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th*

*Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in

the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459

(8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an

accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996,

amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to

$125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the

EAJA at an hourly rate of $125.00. We find plaintiff's attorney entitled to compensation at this

rate.

The EAJA further requires an attorney seeking fees to submit "an itemized

statement...stating the actual time expended and the rate at which fees and other expenses were

computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time

AO72A
(Rev. 8/82)

records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel requests 0.10 hour on August 15, 2005 (received check from Nellie and mailed same to Chris Johnson), from which we deduct 0.10 hour; and 0.10 hour on September 25, 2006 (converted affidavit to pdf and electronically transmitted affidavit of service), from which we deduct 0.10 hour. This time cannot be compensated under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 0.20 hour from the total number of compensable hours sought.

Plaintiff's counsel requests 0.25 hour on June 29, 2006 (received and reviewed the Judgement from Judge Hendren. Computed time for EAJA application and posted same on paper and computer calendars). This court concludes that the time submitted on the above referenced date, should not have taken an attorney experienced in handling social security cases more than five or six minutes to review these documents. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore we are reducing the 0.15 hour submitted on the above date to 0.10 hour. Accordingly, 0.15 hour must be deducted from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $13.95 in expenses incurred with regard to postage. Such expenses are recoverable under the EAJA and we find $13.95 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

4

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 13.85 (14.20-0.35) hours for attorney's fees, at the rate of $125.00 per hour, and $13.95 in expenses for a total attorney's fee award of $1,745.20. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 13th day of September 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)